SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
Todd M. Schneider (SBN 158253)
tschneider@schneiderwallace.com
Mark T. Johnson (SBN 76904)
mjohnson@schneiderwallace.com
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

CHAVEZ & GERTLER LLP
Mark A. Chavez (SBN 90858)
mark@chavezgertler.com
Nance F. Becker (SBN 99292)
nance@chavezgertler.com
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572

SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY
LLP
Garrett W. Wotkyns *(pro hac vice)*
gwotkyns@schneiderwallace.com
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
Telephone: (480) 607-4368
Facsimile: (480) 348-3999

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| MARY B. LABRADOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SEATTLE MORTGAGE COMPANY,<br><br>Defendant. | Case No.:<br><br>Related Case: CV-08-2270 SC (N.D. Cal.)<br><br>**CLASS ACTION**<br><br>**MOTION FOR AN ORDER ENFORCING DEPOSITION AND DOCUMENT SUBPOENA**<br><br>NOTE ON MOTION CALENDAR:<br>June 25, 2010 |

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Plaintiff Mary Labrador, pursuant to Federal Rule of Civil Procedure 37(a)(1) and 45 and Civil Local Rule 37(a)(1), hereby moves the Court for an order enforcing and compelling full compliance with the deposition and document subpoena served on Bank of America on April 19, 2010, a true copy of which is attached to the Declaration of Mark T. Johnson in Support of Motion for an Order Enforcing Deposition and Document Subpoena (Johnson Decl.) which accompanies this motion.

## ARGUMENT IN SUPPORT OF MOTION

### I.  INTRODUCTION

Plaintiff seeks an Order from this Court enforcing a deposition subpoena, with document requests, served on non-party Bank of America ("the Bank") in *Labrador v. Seattle Mortgage Company,* Case No.: CV-08-2270 SC (N. D. Cal.). Because the deposition was set in Seattle, where the Bank's witness is located, the subpoena was issued in this district rather than in the district in which the case was filed and is pending. Accordingly, pursuant to Fed. R. Civ. Proc. 37(a)(2), it must be enforced in this district.

The subpoena and accompanying deposition notice were served on Bank of America pursuant to Fed. R. Civ. Proc. 45 and 30(b)(6), requiring that the Bank produce a witness to testify on its behalf as to specifically designated topics. It also required that certain categories of documents be produced at the deposition or before. The deposition took place on May 11, 2010. While the Bank produced a witness for the deposition, that witness was unable to testify as to each of the specific topics for which the deposition was noticed. In addition, while certain documents responsive to the subpoena were produced, the Bank has failed to produce other responsive documents that are the subject of this motion and described herein. Although the Bank is not a party to this action, it has been represented in this matter by Reed Smith, LLP, since at least January 2010. Plaintiff's counsel has attempted to meet and confer with Bank of America's counsel about the Bank's deficient responses to the subpoena, but has been unable to get a substantive response in more than three weeks. A description of Plaintiff's efforts to meet and confer in this regard is set forth in Paragraphs 14 and 15 of the Declaration of Mark T. Johnson and the exhibits referenced therein.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
1                                   (415) 421-7100

## II. FACTUAL BACKROUND AND THE CLAIMS ASSERTED BY PLAINTIFF

Plaintiff Mary Labrador is an elderly homeowner who entered into an FHA-insured reverse mortgage loan agreement with Defendant Seattle Mortgage Company ("SMC") in August of 2005. The transaction, known as a Home Equity Conversion Mortgage ("HECM"), was arranged through a California mortgage loan broker, Home Center Mortgage ("HCM"). At the time, HCM was approved by the United States Department of Housing and Urban Development ("HUD") as a "loan correspondent." Approved loan correspondents such as HCM are authorized to originate HECM loans for sponsoring lenders such as SMC, but cannot make the loans in their own name or fund the loan.

Pursuant to a standard written agreement between SMC and HCM known as a "Reverse Mortgage Correspondent Agreement (Correspondent Agreement)," HCM was compensated for originating the SMC-funded loan in two ways. First, it was authorized to retain the loan origination fee, an amount of up to 2% of the maximum claim amount of the mortgage, typically financed as part of the loan. Second, it was paid a "loan correspondent fee" by SMC, usually in the amount of about $490. Pursuant to SMC's standard Correspondent Agreement with HCM and other California loan correspondents, both forms of compensation were always paid to the mortgage brokers originating SMC-funded loans.

Plaintiff alleges that this compensation arrangement between SMC and its California loan correspondents was unlawful under HUD regulation 24 C.F.R. § 206.31(a), which sets forth the maximum allowable charges that can be imposed on the borrower in connection with a FHA insured HECM reverse mortgage loan. That section states, in pertinent part:

> A mortgage broker's fee can be included as part of the origination fee only if the mortgage broker is engaged independently by the homeowner and if there is no financial interest between the mortgage broker and the mortgagee.

24 C.F.R. § 206.31(a)(1). Because of the ongoing financial interest between SMC and its loan correspondents arising from the correspondent agreements and regular payments by SMC of loan correspondent fees, the inclusion of the mortgage broker's fee in the origination fee was unlawful under the above language.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

Motion For an Order Enforcing Deposition and Document Subpoena
Case No.

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

2

Plaintiff filed this class action on August 22, 2008, alleging that she and similarly situated California HECM borrowers under SMC's reverse mortgage program were illegally changed origination fees because those origination fees included, in whole or part, a fee to a mortgage loan broker with which SMC had a financial relationship. She asserts, in addition to the violation of 24 C.F.R. § 206.31(a), claims for violation of California's Unfair Competition Law, Business and Professions Code § 17200; the Elder Abuse Law, Welfare and Institutions Code § 15600; and unjust enrichment. She seeks class-wide relief in the form of restitution of the amount of the origination fee paid by her and the following putative class of individuals:

> All 'elder[s]' in California: (a) who purchased reverse mortgages that were originated, structured and/or underwritten by the Defendant at any time during the four years preceding the filing of this Complaint, and continuing until the date of the trial; and (b) who were charged both an 'origination fee' that was conveyed in whole or in part, to an originating mortgage broker, and a 'correspondent fee' or similar fee that was also paid to the originating mortgage broker.

On January 19, 2009 Plaintiff amended her complaint with leave of court to add a claim for negligence per se. A true copy of the First Amended Complaint in this action is attached to the Declaration of Mark T. Johnson as Exhibit A.

## II.   BANK OF AMERICA'S ROLE IN THIS ACTION

Effective June 30, 2007, under the terms of an Asset Purchase Agreement, Bank of America acquired all of SMC's wholesale reverse mortgage business, *i.e.* that part of the business by which SMC-funded reverse mortgage loans were originated by mortgage brokers pursuant to Correspondent Agreements. Most of SMC's employees involved in the wholesale reverse mortgage business became Bank of America employees at that time. Bank of America also acquired SMC's offices, files and data related to the business. The asset purchase agreement generally requires that Bank of America retain the records and files acquired from SMC for a period of three years after the close of the sale and that it cooperate with SMC in responding to document requests in connection with litigation. Deposition testimony has confirmed that all of the documents and data pertaining to SMC's wholesale reverse mortgage business during the time period relevant to this case were retained by Bank of America upon the close of the sale and the transfer of SMC's assets to the Bank.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

Motion For an Order Enforcing Deposition and Document Subpoena
Case No.

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
3                                (415) 421-7100

### III. RELEVANT PROCEDURAL AND DISCOVERY HISTORY

Since the filing of this action the parties have engaged in discovery and motion practice, including two dispositive motions filed by SMC, both of which were denied. Plaintiff has served multiple sets of written discovery requests on SMC, including both interrogatories and document requests. The latter were largely unproductive because SMC's records are currently in the possession of Bank of America and, with some exceptions, have not been provided to SMC for production in this action.

On April 8, 2009 Plaintiff served a document subpoena on Bank of America seeking, among other things, copies of each of the Correspondent Agreements between Seattle Mortgage Company and its California loan correspondents covering the period beginning with April 1, 2004 through the sale of SMC's wholesale reverse mortgage business to the Bank. (Johnson Decl. ¶ 4.) Based upon publicly available records on HUD's website, there were more than thirty (30) loan correspondents originating loans for SMC in California during that time frame. (*Id.* ¶ 5.) In response to this document subpoena, the Bank retained counsel, a Mr. Ron Arlas, to represent it.. After multiple conversations with Plaintiff's counsel regarding the scope of the subpoena, Mr. Arlas produced just six loan correspondent agreements on behalf of the Bank. (*Id.* ¶ 6.)

On January 27, 2010, following the denial of SMC's motion for summary judgment, Plaintiff served the Bank with a deposition subpoena, setting a Rule 30(b)(6) deposition on topics specified in the notice attached to the subpoena. Plaintiff also served a deposition subpoena on a former SMC employee now employed by the Bank. Thereafter, Bank of America retained new Counsel, Reed Smith, LLP, who advised Plaintiff that the subpoenas were defective because they stated the dates of the deposition as being in 2009 instead of 2010 and because they should have been issued by the United States District Court for the Western District of Washington since the deposition would have to be taken in Seattle. (Johnson Decl. ¶ 8.) After meeting and conferring about these issues and the scheduling of the depositions, Plaintiffs served amended deposition subpoenas, setting the Rule 30(b)(6) deposition for May 5, 2010, in Seattle. (*Id.* ¶ 7.). A true copy of the amended deposition subpoena and notice are

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

Motion For an Order Enforcing Deposition and Document Subpoena
Case No.

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
4   (415) 421-7100

1  attached to the Johnson Declaration as Exhibit B.

2  On May 3, 2010, the Bank served Plaintiff with objections to the amended notice of deposition with for the Rule 30(b)(6) deposition. A true copy of those objections is attached to the Declaration of Mark T. Johnson as Exhibit D. Despite these objections, the Bank indicated it would produce a witness to testify on its behalf as to the designated topics and would produce documents responsive to the document requests. On May 11, 2010 the Bank produced Robert Engelhorn to testify on its behalf at the Rule 30(b)(6) deposition. A true copy of the transcript of his deposition is attached as Exhibit F to the Declaration of Mark T. Johnson.

## IV.   THE DOCUMENTS AND TESTIMONY AT ISSUE ON THIS MOTION

Bank of America's response to the deposition subpoena was deficient in several significant aspects, as described below.

### A.   Deficiencies in the Testimony

Bank of America's witness, Mr. Engelhorn, was able to testify about many of the designated topics in the deposition subpoena, but lacked knowledge about several topics that are the subject of this motion. These included:

Topic No. 2: This topic included the existence, location, custody, control and authenticity of any reverse mortgage correspondent agreement. Mr. Engelhorn had a general understanding that some correspondent agreements had been located by bank employee Sam Avaiusini and provided to counsel, but could not state that the documents produced by the Bank and presented to him as exhibits at the deposition were the only such agreements in the Bank's possession. (Dep. of Robert Engelhorn at 30:7–12, 31:12–32:10 (Johnson Decl. Exh. F).)

Topic Nos. 3 & 6: These topics included the number and identity of all loan correspondents involved in the origination of SMC reverse mortgage HECM loans during the relevant time period and the number of reverse mortgage HECM loans funded by SMC during the relevant time period for which loan correspondents received both a loan origination fee and a loan correspondent fee. Bank of America, through SMC, produced an unnumbered two-page list of loan correspondents that was marked as Exhibit 48 at the deposition but Mr. Engelhorn testified that he had not prepared or seen that document before and could not testify with

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.

5

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

certainty whether it identified all of the loan correspondents that were the subject of topics 3 and 6 of the deposition notice. He testified that the list could have been derived from a more detailed loan level list that he had prepared, and that he had revised on the morning of his deposition, for the purpose of responding to the request in the subpoena. (Dep. of Robert Engelhorn at 24:2–13, 25:15–27:1.) That document, either in its original or revised form, has not been made available to Plaintiff, despite her counsel's request that it be produced. Nor has the Bank produced any other information responsive to Topic Nos. 3 and 6 of the deposition.

Topic No. 9: This topic sought information regarding the Banks effort's to locate documents in response to prior subpoenas served on it and the Bank's response to requests from SMC for documents related to this case. The topic was included to address the inconsistency between the Bank's 's obligation to retain the documents it acquired from SMC and the fact that it had only produced six loan correspondent agreements in response to the prior document subpoena served on it. It was also prompted by the testimony of SMC's Rule 30(b)(6) witness, Sarah Hulbert, that SMC had requested documents responsive to the document requests served on it in this case but the Bank had not produced them. Mr. Engelhorn had no information on this topic. He was not even aware, for example, that a subpoena had been served on the Bank in April of 2009 and could not testify about the bank's effort to locate documents other than those that were recently produced. (Dep. of Robert Engelhorn at 67:20–69:17.)

Topic No. 10: This topic involves the bank's document retention policies for documents related to the Reverse Mortgage business acquired from SMC. Mr. Engelhorn had no meaningful information on this topic beyond the fact that a written retention policy covering multiple types of documents exists. (Dep. of Robert Engelhorn at 64:9–15.)

### B.  Deficiencies in the Document Production

On March 30 and April 1, 2010, Bank of America produced two sample loan correspondent agreements. On May 4, 2010, it's counsel informed Plaintiff's counsel that, due to unresolved issues concerning the language of the proposed protective order in the case, it was providing certain documents to SMC, but would not otherwise produce those documents. After an agreement was reached with SMC regarding the confidentiality of the documents, SMC

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.

6

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

produced the documents that had been provided to it by the Bank. They consisted of approximately 53 executed loan correspondent agreements, Bates numbered BA000062–BA 001260. Most of these were dated March of 2007, immediately before the sale of SMC's wholesale reverse mortgage business to Bank of America. Some of the six agreements previously produced in response to the earlier subpoena were not among these agreements, and most of the agreements did not cover the bulk of the proposed class period. The only other document produced was the two-page list referred to above that was subsequently marked as Exhibit 48 to Mr. Engelhorn's deposition. (Johnson Decl. Exh. E.)

This production is deficient, and warrants an order enforcing the subpoena, because it fails to produce relevant documents responsive to the following document requests set forth in the deposition subpoena:

Request No. 1: This request sought all SMC reverse mortgage correspondent agreements in effect during the relevant time period. Those agreements were not produced, and Mr. Engelhorn could not verify that no other documents are within the Bank's possession. (Dep. of Robert Engelhorn at 38:1–9, 80:9–18.) Given the fact that different document requests directed to the Bank produced different results when different counsel were retained, there is a serious questions as to whether additional agreements are available and should be produced. In any event, the Bank has not stated unequivocally, in a binding response, that no such additional documents are in its possession.

Request No.2: This request seeks the list of loan correspondents that Sarah Hulbert testified to at her deposition. Although a list of loan correspondents was produced and marked as Exhibit 48, as noted above, it is not 100% clear what this list represents, since Mr. Engelhorn indicated it was not his work product and could not state with certainty what it represented. (Dep. of Robert Engelhorn at 24:2–9, 29:19–23, 35:25–36:6.)

Request No. 3: This request seeks the loan correspondent approval files maintained by the Bank for loan correspondents approved by SMC for delivery of California HECM loans to SMC during the relevant time period. No documents other than the loan correspondent agreements were produced from these files. As noted in Plaintiff's meet and confer letter,

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.                                        7

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

Plaintiff is prepared to meet and confer as to whether this request should be limited in any way. Counsel for the Bank has not pursued that invitation.

<u>Requests Nos. 4 & 5</u>: These requests seek historical templates of the correspondent agreements and documents tracking revisions to those agreements, including those documents that Ms. Hulbert created and maintained. No such documents were produced despite the fact that other witnesses indicated that, as a matter of bank policy, Ms. Hulbert's electronic files would have been retained after her departure from the company. Nor has the Bank stated unequivocally that such documents are not within its possession.

<u>Request Nos. 6, 7 and 8</u>: These requests seek reports for the relevant time period identifying certain types of information relating to loan correspondents and payments made to loan correspondents originating SMC funded HECMs during the relevant time period. No documents responsive to these requests were produced, despite the fact that the Bank's employee John Nixon, the former director of SMC's reverse mortgage business testified as to the existence of at least two types of monthly reports falling within these categories.

<u>Request No. 9</u>: This request seeks information about the structure and content of bank's computerized database containing historical information about SMC HECM loans originated by loan correspondents during the relevant time period, including data maps, data dictionaries, etc. The Bank has not produced any documents responsive to this request other than a user manual for its loan correspondents. That document does not begin to provide information about the database content and structure for Plaintiff to determine whether the database can be useful in establishing certain facts relevant to this case and the class certification motion.

**I.  ARGUMENT**

    **A.  Bank of America Should Be Compelled To Produce a Witness Capable of Providing Testimony on the Specified Topics on Which Mr. Engelhorn Was Unable to Testify.**

It is well settled that an entity served with a Rule 30(b)(6) deposition notice must provide a witness or witnesses who can testify fully regarding the matters designated. *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir. 1967). An entity "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the

SCHNEIDER WALLACE  
COTTRELL BRAYTON  
KONECKY LLP

Motion For an Order Enforcing  
Deposition and Document Subpoena  
Case No.                                    8

Schneider Wallace Cottrell Brayton Konecky LLP  
180 Montgomery St., Ste. 2000, San Francisco, CA 94104  
(415) 421-7100

interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters." *Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 278 (D. Neb. 1989) (*quoting Mitsui & Co. v. Puerto Rico Water Res. Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981)). Implicit in this obligation is the requirement that the designated witness review all documents available to the entity necessary to adequately inform himself about the subject matter of the deposition. As the Court stated in *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 36 (D.Mass.2001):

> [T]he law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. "Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process ...."

*Id.* See also *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000) ("If the designated deponent cannot answer those questions, then the [entity] has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc."); *Board of Trustees of Leland Stanford Junior University v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008); *Sprint v. Commc'n Co. L.P. v. Theglobe.com.*, 236 F.R.D. 524, 527-28 (4th Cir. 2007); *Berwind Property Group Inc. v. Envtl. Mgmt Group, Inc.*, 233 F.R.D. 62, 65 (D. Mass. 2005).

Thus, "[e]ven if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Calzaturficio S.C.A.R.P.A.*, 201 F.R.D. at 37; *Concerned Citizens of Belle Haven v. The Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004). "Such preparation is necessary because the 'individuals so deposed are required to testify to the knowledge of the corporation, not the individual.'" *Calzaturficio S.C.A.R.P.A., 201 F.R.D.* at 37; *Berwind Prop. Group Inc. v. Envtl. Mgmt. Group. Inc.*, 233 F.R.D. at 65. If the organization served no longer employs

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

Motion For an Order Enforcing Deposition and Document Subpoena
Case No.

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

9

1  someone knowledgeable about the matters designated, it must prepare a representative for
2  deposition by filling his or her head with knowledge from documents, former employees and
3  other sources. *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996); *U.S. v. Massachusetts*
4  *Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass 1995): *In re Vitamins Antitrust Litig.*, 216
5  F.R.D. 168, 2003 WL 21415350 at *4 (D.D.C. 2003).

6      In this Case Bank of America has failed to meet its obligation to produce knowledgeable
7  30(b)(6) witnesses on several of the topics identified in the deposition subpoena and notice. In
8  particular, as described above, the Bank's designated witness could not provide definitive and
9  binding testimony about the existence of any reverse mortgage correspondent agreements in the
10 Bank's possession (Topic No. 2) because he had not looked for those documents himself and
11 had not communicated adequately with the individual who did (Dep. of Robert Engelhorn at
12 30:7–9, 35:7–9, 40:24–41:9, 73:9–14.) He could not identify with certainty each of the loan
13 correspondents involved in the origination of SMC reverse mortgage HECM loans during the
14 relevant time period or the number of reverse mortgage HECM loans funded by SMC during
15 that period for which loan correspondents received both a loan origination fee and a loan
16 correspondent fee (Topics 3 and 6). Although a list of loan correspondents, with numbers, was
17 produced, Mr. Engelhorn had not prepared it or seen it before the deposition and could not
18 testify with any certainty as to its source or what it represented. (Dep. of Robert Engelhorn at
19 24:2–9, 35:25–36:6.) Nor could the witness testify at all about Bank of America's past efforts
20 to locate documents responsive to prior subpoenas in this case or its response to requests from
21 the SMC for documents requested in this case. (Dep. of Robert Engelhorn at 67:20–69:17.)
22 Finally, Mr. Engelhorn had not been prepared at all to testify about the Bank's document
23 retention policies for documents related to the Reverse Mortgage business acquired from SMC
24 and had no ability whatsoever to testify on that topic. (Dep. of Robert Engelhorn at 64:9–15.)
25     Each of these topics is directly relevant to this action and, in particular, to the issues to be
26 presented on class certification. Plaintiff seeks to represent a class consisting of elderly
27 homeowners like her who obtained a HECM reverse mortgage from SMC through a mortgage
28 broker that was paid both an origination fee and a loan correspondent fee pursuant to its

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.
10

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

relationship with SMC. In that regard, she seeks to identify those brokers having such a relationship with SMC and establish, through the correspondent agreements and testimony about those agreements, that each such broker had the same type of illegal compensation arrangement with SMC. Such information will support Plaintiff's contention, on her motion for class certification, that each of the individuals in California who obtained SMC HECM reverse mortgage loans are similarly situated as Plaintiff, that common issues of law and fact predominate, and that her claims are typical of those of the proposed class.

**B. Bank of American Should Be Compelled To Produce the Documents at Issue on this Motion**

The documents requested by the subpoena that Bank of America has failed to produce are also relevant to the subject matter of this action and, therefore, should have been produced at or before the deposition. Like the deposition topics, those documents concern the existence and content of SMC's loan correspondent agreements with mortgage brokers originating SMC-funded HECM loans in California. They include copies of the agreements themselves, lists of the loan correspondents and the number of SMC-funded HECM loans they originated, the loan correspondent approval files for the relevant time period, standard templates or form loan correspondent agreements that are known to have existed based upon SMC's deposition testimony, and reports for the relevant time period identifying relevant information about the loan correspondents and payments made to loan correspondents that originated SMC-funded HECMs. They also seek information about the structure and content of Bank's computerized data system for storing information about SMC HECM loans originated by loan correspondents, so that Plaintiff can assess the ability to identify putative class members based upon through such a data system.

Each of these categories of documents are relevant to the issue of class certification in this case because they will assist in the identification of the class and in establishing a common compensation arrangement between SMC and each of its loan correspondents originating SMC HECM loans in California. To the extent that such commonality is established, it supports Plaintiff's contention that a class comprised of elderly California homeowners who obtained

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.

11

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
(415) 421-7100

1   HECM loans from SMC should be certified regardless of the fact that they obtained their loans
2   through different mortgage brokers.
3       Except for a subset of the loan correspondent agreements and a list of loan
4   correspondents of uncertain significance and veracity, the Bank has produced none of the
5   documents sought by the subpoena. Accordingly, this Court should issue an order enforcing the
6   subpoena and directing Bank of America to produce the requested documents.

**II.  CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order compelling compliance with the subpoena in the form filed with this motion or show cause why it should not be held in contempt of the subpoena for failing to do so.

Dated: June 8, 2010

CHAVEZ & GERTLER LLP

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP


/s/
Mark T. Johnson
Attorneys for Plaintiffs

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Motion For an Order Enforcing
Deposition and Document Subpoena
Case No.

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104
12                                    (415) 421-7100